Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Plaintiff
Robin J. Darrow

FILED

07 JUL 19 PM 3: 58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _POU_        DEPUTY

# United States District Court
# Southern District Of California

| | |
|---|---|
| **ROBIN J. DARROW,** | Case No. 07 CV 1311   DMS (POR) |
| **PLAINTIFF,** | |
| v. | **COMPLAINT FOR DAMAGES** |
| **FIRST PREMIER BANK,** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

## INTRODUCTION

1.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

//

_____

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

ORIGINAL

2.  ROBIN J. DARROW ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of FIRST PREMIER BANK ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.  Unless otherwise indicated, the use of any defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named.

### JURISDICTION AND VENUE

4.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

5.  This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA).

6.  Because Defendant does business within the State of California, personal jurisdiction is established.

7.  Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

8.  Plaintiff is a natural person who resides in the City of Escondido, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Jacksonville, County of Duval, State of

1    Florida.

2  11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a
3       person who uses an instrumentality of interstate commerce or the mails in a
4       business the principal purpose of which is the collection of debts, or who
5       regularly collects or attempts to collect, directly or indirectly, debts owed or
6       due or asserted to be owed or due another and is therefore a "debt collector" as
7       that term is defined by 15 U.S.C. § 1692a(6).

8  12. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the
9       ordinary course of business, regularly, on behalf of himself or herself or
10      others, engages in debt collection as that term is defined by California Civil
11      Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by
12      California Civil Code § 1788.2(c).

13 13. This case involves money, property or their equivalent, due or owing or
14      alleged to be due or owing from a natural person by reason of a consumer
15      credit transaction.  As such, this action arises out of a "consumer debt" and
16      "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

17                              FACTUAL ALLEGATIONS

18 14. At all times relevant, Plaintiff was an individual residing within the State of
19      California.

20 15. Plaintiff is informed and believes, and thereon alleges, that at all times
21      relevant Defendant conducted business in the State of California.

22 16. Sometime before October 10, 2006, Plaintiff allegedly incurred financial
23      obligations to First Premier Bank that were money, property, or their
24      equivalent, which is due or owing, or alleged to be due or owing, from a
25      natural person to another person and were therefore "debt(s)" as that term is
26      defined by California Civil Code §1788.2(d), and a "consumer debt" as that
27      term is defined by California Civil Code §1788.2(f).

28 //

17. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before October 10, 2006, Plaintiff purchased PREMIER Credit Protection through First Premier Bank, to provide benefits to Plaintiff in the event of loss of life, job loss, disability, family leave, and/or hospitalization.

19. Sometime thereafter, but before October 10, 2006, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff takes no position as to whether or not this alleged debt was actually owed.

20. On or about October 10, 2006, at approximately 6:00 a.m., Defendant contacted Plaintiff by phone, demanding payment of the alleged debt.

21. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

22. In this communication with Defendant, Plaintiff informed Defendant that she would mail in a payment the following day.

23. Defendant continued to contact Plaintiff by phone throughout the day. Defendant's initial phone call, on or about October 10, 2006, began at 6 a.m. and the phone calls by Defendant did not end until after 11 p.m. These telephone calls by Defendant to Plaintiff, were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

24. On or about October 11, 2006, at approximately 6:00 a.m., and continuing until about midnight, Defendant again contacted Plaintiff by phone, demanding payment of the alleged debt.

25. This telephone call to Plaintiff, by Defendant, was a "communication" as that

term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

26. In these communications with Defendant's employees, Plaintiff informed all of Defendant's employees that she already mailed the payment to Defendant, and asked Defendant to stop calling. In response, Defendant's employees stated they could call all that they wanted.

27. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

28. Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

29. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

30. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

31. Defendant's statements were false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt, and violated 15 U.S.C. § 1692e.

32. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code 1788.17.

33. Defendant's statements were false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and violated15 U.S.C. § 1692e(10).

34. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.

35. These telephone calls on or about October 11, 2006 by Defendant to Plaintiff, were made with such frequency as to be unreasonable and to constitute an

1    harassment to the debtor under the circumstances, and violated Cal. Civ. Code

2    1788.11(e).

3    36.  On or about October 12, 2006, Defendant again contacted Plaintiff throughout

4    the day by phone, demanding payment of the alleged debt.

5    37.  This call and each and every subsequent telephone call to Plaintiff, by

6    Defendant, was a "communication" as that term is defined by 15 U.S.C. §

7    1692a(2), and a "debt collection" as that term is defined by Cal. Civ. Code

8    1788.2(b).

9    38.  In these communications with Defendant's employees, Plaintiff told

10   Defendant's employees to stop calling her and that she would contact her

11   attorney if Defendant continued to contact her. In response, Defendant's

12   employees stated they could call all as often as they wanted.

13   39.  This statement represented the threat to take an action that cannot legally be

14   taken or that Defendant did not intend to take, and violated 15 U.S.C. §

15   1692e(5).

16   40.  Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ.

17   Code 1788.17.

18   41.  Defendant's statements to Plaintiff had the natural consequence to abuse the

19   hearer or reader, and violated 15 U.S.C. § 1692d(2).

20   42.  Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.

21   Code 1788.17.

22   43.  Defendant's statements were false, deceptive, or misleading representations or

23   means in connection with the collection of Plaintiff's alleged debt, and

24   violated 15 U.S.C. § 1692e.

25   44.  Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code

26   1788.17.

27   45.  Defendant's statements were false representations or deceptive means to

28   collect or attempt to collect any debt or to obtain information concerning a

1    consumer, and violated15 U.S.C. § 1692e(10).

2  46. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ.

3      Code 1788.17.

4  47. Plaintiff then called Defendant back to speak with a supervisor so that she

5      could try to stop the abuse.   Plaintiff told Defendant's supervisor that

6      Defendant was violating the law and that she would contact an attorney if the

7      calls did not stop.

8  48. Immediately after Plaintiff hung up the phone, Defendant again continued to

9      contact Plaintiff on her home phone, and cellular phone.

10  49. These telephone calls on or about October 12, 2006 by Defendant to Plaintiff,

11      were made with such frequency as to be unreasonable and to constitute an

12      harassment to the debtor under the circumstances, and violated Cal. Civ. Code

13      1788.11(e).

14  50. On or about October 13, 2006, Defendant again contacted Plaintiff by phone,

15      demanding payment of the alleged debt.  Plaintiff received twelve (12) phone

16      calls on the house phone from 10:00 a.m. until 1:00 p.m.  Plaintiff then began

17      to receive calls from Defendant on her cellular phone.

18  51. Each and every telephone call to Plaintiff, on or about October 13, 2006, by

19      Defendant, was a "communication" as that term is defined by 15 U.S.C. §

20      1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code

21      1788.2(b), and an "initial communication" consistent with 15 U.S.C. §

22      1692g(a) and Cal. Civ. Code § 1812.700(b).

23  52. In these communications with Defendant, Defendant's employees would ask

24      "Is Robin Darrow in?  We have personal business with her, this is First

25      Premier Bank calling."   Plaintiff told Defendant that she would turn this

26      matter over to an attorney and the harassment must stop immediately. Plaintiff

27      hung up the phone.

28  53. On or about October 13, 2006, at approximately 1:37 p.m., Defendant's

1 employee "Oswald" contacted Plaintiff by phone.

2 54. Plaintiff again stated that the payment check was already mailed to Defendant
3 and to stop calling.  Plaintiff informed "Oswald" that she was now tracking
4 and documenting all calls from Defendant, and that she would turn this matter
5 over to her attorney for possible legal action.  "Oswald" asked Plaintiff why
6 she would do this.  In response, Plaintiff stated that the harassment was
7 getting hard to deal with and that it must stop, and hung up the phone.

8 55. On or about October 13, 2006, at approximately 2:45 p.m., Defendant again
9 contacted Plaintiff by phone.

10 56. This telephone call to Plaintiff, by Defendant, was a "communication" as that
11 term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
12 defined by Cal. Civ. Code 1788.2(b).

13 57. On or about October 13, 2006, at approximately 5:55 p.m., Defendant
14 contacted Plaintiff by phone, using an automatic dialer.

15 58. This telephone call to Plaintiff, by Defendant, was a "communication" as that
16 term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
17 defined by Cal. Civ. Code 1788.2(b).

18 59. In this communication with Plaintiff, Defendant stated that she was with First
19 Premier Bank, and asked for "Robin".

20 60. Plaintiff asked Defendant's employee her name, and in response, Defendant's
21 employee stated her name was "Ashley."

22 61. Plaintiff asked Ashley what her business was, and in response, Ashley stated it
23 regarded Plaintiff's credit card balance.

24 62. Plaintiff then informed Ashley that she was handing this over to her attorney.

25 63. These telephone calls on or about October 13, 2006 by Defendant to Plaintiff,
26 were made with such frequency as to be unreasonable and to constitute an
27 harassment to the debtor under the circumstances, and violated Cal. Civ. Code
28 1788.11(e).

64. On or about November 2, 2006, at approximately 11:00 am, Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

65. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

66. In this communication with Defendant, Plaintiff informed Defendant that she had been involved in a couple of accidents, and as a result of the accidents she was not working. Plaintiff stated that she wanted to use the credit protection insurance that she purchased.

67. Defendant stated to Plaintiff that she cannot use the insurance that she pays for. Plaintiff asked Defendant why she could not use her insurance. In response to Plaintiff's question, Defendant said, "Because I said so." Plaintiff again asked for the reason she could not use her insurance. Again, Defendant responded, "Because I said so." Plaintiff then hung up the phone.

68. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

69. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

70. Defendant's statements were false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt, and violated 15 U.S.C. § 1692e.

71. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code 1788.17.

72. Defendant's statements were false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and violated 15 U.S.C. § 1692e(10).

73. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.

74. Approximately thirty minutes later, on or about November 2, 2006, at approximately 11:30 a.m., Defendant again contacted Plaintiff by telephone and demanded payment of the alleged debt.

75. Defendant stated it had "an important business matter to discuss with Robin Darrow. Defendant stated he was calling regarding Plaintiff's credit card account.

76. Plaintiff, again, told Defendant that she was not working. Plaintiff told Defendant to send the necessary forms to sign so that she could use the credit protection insurance that she purchased.

77. Defendant told Plaintiff that she could not use the credit protection insurance.

78. Approximately one hour later, on or about November 2, 2006, at approximately 12:32 p.m., Defendant again contacted Plaintiff by telephone and asked to speak with Plaintiff.

79. Plaintiff told Defendant that she wanted to use the credit protection insurance.

80. Defendant became rude, and Plaintiff hung up the phone.

81. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

82. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

83. These telephone calls on or about November 2, 2006 by Defendant to Plaintiff, were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

84. On or about January 1, 2007, at approximately 11:00 a.m., Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

85. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

86. Plaintiff's niece, "Destiny," answered the phone.

87. In this communication with "Destiny," Defendant asked, "Is this Robin. Where is that b*t*h?"

88. Plaintiff's nephew, "Brandon," then got on the phone.

89. In this communication with "Brandon," Defendant asked, "is this Robin."

90. Brandon stated, "no," and then Defendant asked, "Where is that f**king whore."

91. Plaintiff then got on the phone and Defendant began to scream at Plaintiff, "Pay your f**king bill," and called Plaintiff a "f**king b*tch," and "goddamn b*tch."

92. Plaintiff is informed and believes that Plaintiff's nephew and niece are both a third party as that term is addressed in 15 U.S.C. § 1692c(b).

93. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

94. Because this communication did not comply with certain provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

95. These statements represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

96. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

//

97. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

98. On or about January 24, 2007, at approximately 8:45 a.m., Defendant's employee, Jessica, contacted Plaintiff by telephone and demanded payment of the alleged debt. Jessica refused to provide her last name to Plaintiff, upon Plaintiff's request.

99. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

100. Plaintiff informed Jessica that she was still not working.

101. Jessica stated to Plaintiff that she sees Plaintiff has the "unemployment insurance" through their company, "but you still have to pay the bill even with this coverage."

102. Plaintiff informed Jessica that she would turn this matter over to Plaintiff's attorney.

103. In this communication with Plaintiff, Jessica then stated "what the f**k do you have to involve an attorney for? You know you need to pay your f**king bills, how are you living if you don't have a job?" Plaintiff again told Jessica, she would hand this matter over to Plaintiff's attorney, and Plaintiff hung up the phone.

104. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

105. Because this communication did not comply with certain provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

106. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a) and Cal. Civ. Code § 1788.17 as it incorporates by reference 15 U.S.C. § 1692d(2).

107. On or about January 24, 2007, at or about 10:45 a.m., Defendant again contacted Plaintiff by telephone.

108. On or about January 24, 2007, at or about 12:47 p.m., Defendant again contacted Plaintiff telephone, and demanded payment of the alleged debt.

109. Plaintiff spoke with Defendant's employee, Jason, who did not provide his last name. Plaintiff told Jason that she has credit protection insurance, and insisted Defendant stop calling her. Plaintiff told Jason "I will turn this over to my attorney." Defendant then became rude with Plaintiff.

110. These telephone calls, on or about January 24, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

111. On or about January 30, 2007, at approximately 2:53 p.m., Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

112. In this communication with Plaintiff from Defendant, Defendant asked "Is Robin there?" Plaintiff asked, "Who wants to know?" Defendant then stated he was "calling on behalf of Premier Bank and is calling regarding the bill she owes. She has three (3) days to pay the bill or we will have her arrested for being a deadbeat debtor. We also have the right to come to her house and take what we want to satisfy the debt. We will be there tomorrow at noon. If we don't get the money, we will take what we want. Hell, we will take more than what she owes just to prove to her we mean business." In response, Plaintiff

1      told Defendant she would turn this over to her attorney.

2 113. These statements by Defendant represented the threat to take an action that

3      cannot legally be taken or that Defendant did not intend to take, and violated

4      15 U.S.C. § 1692e(5).

5 114. Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ.

6      Code 1788.17.

7 115. These statements represented an attempt to collect a consumer debt by use of

8      obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

9 116. Defendant's statements to Plaintiff had the natural consequence to abuse the

10      hearer or reader, and violated 15 U.S.C. § 1692d(2).

11 117. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.

12      Code 1788.17.

13 118. Defendant's statements were false, deceptive, or misleading representations or

14      means in connection with the collection of Plaintiff's alleged debt, and

15      violated 15 U.S.C. § 1692e.

16 119. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code

17      1788.17.

18 120. Defendant's statements were false representations or deceptive means to

19      collect or attempt to collect any debt or to obtain information concerning a

20      consumer, and violated15 U.S.C. § 1692e(10).

21 121. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ.

22      Code 1788.17.

23 122. Plaintiff is informed and believes that on or about January 30, 2007, at or

24      about 4:39 p.m., Defendant again contacted Plaintiff by telephone.

25 123. Plaintiff is informed and believes that on or about January 30, 2007, at or

26      about 6:23 p.m., Defendant again contacted Plaintiff by telephone.

27 124. These telephone calls on or about January 30, 2007 by Defendant to Plaintiff

28      were made with such frequency as to be unreasonable and to constitute an

1    harassment to the debtor under the circumstances, and violated Cal. Civ. Code

2    1788.11(e).

3    125. Plaintiff is informed and believes that on or about January 31, 2007,

4    Defendant contacted Plaintiff's brother, a third party as that term is addressed

5    in 15 U.S.C. § 1692c(b).

6    126. This telephone call to Plaintiff, by Defendant, was a "communication" as that

7    term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

8    defined by Cal. Civ. Code 1788.2(b).

9    127. In this communication with Plaintiff's brother, Defendant informed Plaintiff's

10    brother of Defendant's identity and that they wanted money and told him that

11    they would do whatever was necessary to collect the debt.

12    128. This communication to this third party was without prior consent, or the

13    express permission of a court of competent jurisdiction, or as reasonably

14    necessary to effectuate a post judgment judicial remedy, and was in

15    connection with the collection of the alleged debt, and with a person other

16    than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor,

17    the attorney of the creditor, or the attorney of the debt collector. Further, this

18    communication to this third party was not provided for in 15 U.S.C. § 1692b.

19    As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

20    129. Because this communication did not comply with certain provisions of the

21    FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), this

22    communication also violated Cal. Civ. Code § 1788.17.

23    130. On or about January 31, 2007, at or about 9:03 A.M., Defendant contacted

24    Plaintiff by telephone and demanded payment of the alleged debt.

25    131. This telephone call to Plaintiff, by Defendant, was a "communication" as that

26    term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

27    defined by Cal. Civ. Code 1788.2(b).

28    132. Plaintiff spoke with Heidi, an employee of Defendant.

133. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

134. In this communication with Plaintiff, Plaintiff informed Heidi she was logging this call to turn over to Plaintiff's attorney. Defendant responded "Whatever, b*tch," and hung up the phone.

135. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

136. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

137. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

138. On or about January 31, 2007, at or about 10:40 A.M., Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt.

139. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

140. In this communication with Defendant, Plaintiff spoke with Defendant's employee, Ashley.

141. Ashley responded in the same abusive manner as Defendant's employee Heidi's abusive manner, during the previous call to Plaintiff on that same day.

142. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

143. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

144. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

145. Plaintiff is informed and believes that on or about February 1, 2007, at or

1     about 8:21 a.m., Defendant again contacted Plaintiff by telephone.

2 146. This telephone call to Plaintiff, by Defendant, was a "communication" as that

3     term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

4     defined by Cal. Civ. Code 1788.2(b).

5 147. Plaintiff is informed and believes that on or about February 1, 2007, at or

6     about 12:51 p.m., Defendant again contacted Plaintiff by telephone.

7 148. This telephone call to Plaintiff, by Defendant, was a "communication" as that

8     term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

9     defined by Cal. Civ. Code 1788.2(b).

10 149. Plaintiff is informed and believes that on or about February 1, 2007, at or

11     about 5:56 p.m., Defendant again contacted Plaintiff by telephone.

12 150. This telephone call to Plaintiff, by Defendant, was a "communication" as that

13     term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

14     defined by Cal. Civ. Code 1788.2(b).

15 151. Plaintiff spoke with Defendant's employee, Ashlyn.  Ashlyn's conduct was

16     similar to the abusive and harassing conduct by Heidi and Ashley on the

17     previous day. Plaintiff informed Ashlyn about a potential lawsuit against

18     Defendant.  Ashlyn responded, "F**k you, I don't care if you have a lot of

19     lawsuits.  You will never see a dime of the money.  Beware; someone could

20     take out a hit on you for the debt you owe.  It has happened before."

21 152. This statement represented an attempt to collect a consumer debt by use of

22     obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

23 153. Defendant's statements to Plaintiff had the natural consequence to abuse the

24     hearer or reader, and violated 15 U.S.C. § 1692d(2).

25 154. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.

26     Code 1788.17.

27 //

28 //

155. Defendant's statements were false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt, and violated 15 U.S.C. § 1692e.

156. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code 1788.17.

157. Defendant's statements were false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and violated15 U.S.C. § 1692e(10).

158. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.

159. These telephone calls by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

160. Plaintiff is informed and believes that on or about February 2, 2007, at or about 1:24 p.m., and 3:12 p.m., Defendant again contacted Plaintiff by telephone.

161. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

162. On or about February 3, 2007, at or about 10:49 a.m., Defendant again contacted Plaintiff by telephone.

163. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

//

//

164. Plaintiff is informed and believes that on or about February 5, 2007, at or about 8:30 a.m., 9:00 a.m., 10:30 a.m., and 12:26 p.m., Defendant again contacted Plaintiff by telephone.

165. Each and every telephone calls to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

166. Plaintiff is informed and believes that each and every telephone call, on or about February 5, 2007, by Defendant to Plaintiff was made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

167. Plaintiff is informed and believes that on or about February 6, 2007, at or about 2:45 p.m., and 4:34 p.m., Defendant again contacted Plaintiff by telephone.

168. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

169. Plaintiff is informed and believes that on or about February 7, 2007, at or about 8:13 a.m., Defendant again contacted Plaintiff by telephone.

170. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

171. Plaintiff is informed and believes that on or about February 7, 2007, at or about 10:56 a.m., Defendant again contacted Plaintiff by telephone.

172. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

173. In this communication with Defendant, Plaintiff spoke with Defendant's employee, "Heidi." Heidi represented herself to be a debt collection agent.

1    Heidi was verbally abusive to Plaintiff, and told Plaintiff she "she wants her
2    money or else." Plaintiff asked Heidi what "or else" meant. Heidi's response
3    was "or else."

4    174. This statement represented an attempt to collect a consumer debt by use of
5    obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

6    175. Defendant's statements to Plaintiff had the natural consequence to abuse the
7    hearer or reader, and violated 15 U.S.C. § 1692d(2).

8    176. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.
9    Code 1788.17.

10   177. Defendant's statements were false, deceptive, or misleading representations or
11   means in connection with the collection of Plaintiff's alleged debt, and
12   violated 15 U.S.C. § 1692e.

13   178. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code
14   1788.17.

15   179. Defendant's statements were false representations or deceptive means to
16   collect or attempt to collect any debt or to obtain information concerning a
17   consumer, and violated 15 U.S.C. § 1692e(10).

18   180. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ.
19   Code 1788.17.

20   181. Plaintiff is informed and believes on or about February 8, 2007, at or about
21   10:46 a.m., Defendant again contacted Plaintiff by telephone.

22   182. This telephone call to Plaintiff, by Defendant, was a "communication" as that
23   term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
24   defined by Cal. Civ. Code 1788.2(b).

25   183. In this communication with Plaintiff, Defendant's employee identified herself
26   as "Sherry."

27   184. In this communication with Plaintiff, "Sherry" stated, "Robin, this is Sherry
28   with Premier Bank Card Services. You need to pay your bill today or else."

185. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

186. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

187. Defendant's statements were false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt, and violated 15 U.S.C. § 1692e.

188. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code 1788.17.

189. Defendant's statements were false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and violated15 U.S.C. § 1692e(10).

190. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.

191. Plaintiff is informed and believes that on or about February 8, 2007, at or about 12:28 p.m., Defendant again contacted Plaintiff by telephone.

192. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

193. Plaintiff is in formed and believes that on or about February 9, 2007, at or about 9:46 a.m., 11:47 a.m., 4:07 p.m., and 5:15 p.m., Defendant again contacted Plaintiff by telephone.

194. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

195. Plaintiff is informed and believes that each and every telephone call, on or about February 9, 2007, by Defendant to Plaintiff was made with such frequency as to be unreasonable and to constitute an harassment to the debtor

1      under the circumstances, and violated Cal. Civ. Code 1788.11(e).

2  196. Plaintiff is informed and believes that on or about February 10, 2007, at or

3      about 8:47 a.m., Defendant again contacted Plaintiff by telephone.

4  197. This telephone call to Plaintiff, by Defendant, was a "communication" as that

5      term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

6      defined by Cal. Civ. Code 1788.2(b).

7  198. Plaintiff is informed and believes that on or about February 12, 2007, at or

8      about 10:49 a.m., 12:50 p.m., 3:54 p.m., and 7:05 p.m., Defendant again

9      contacted Plaintiff by telephone.

10 199. Each  and  every  telephone  call  to  Plaintiff,  by  Defendant,  was  a

11      "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt

12      collection" as that term is defined by Cal. Civ. Code 1788.2(b).

13 200. Plaintiff is informed and believes that each and every telephone call, on or

14      about February 12, 2007, by Defendant to Plaintiff was made with such

15      frequency as to be unreasonable and to constitute an harassment to the debtor

16      under the circumstances, and violated Cal. Civ. Code 1788.11(e).

17 201. On or about February 13, 2007, at or about 8:49 a.m., Defendant again

18      contacted Plaintiff by telephone.

19 202. In this communication with Defendant, Plaintiff spoke with Defendant's

20      employee, "Becky."

21 203. This telephone call to Plaintiff, by Defendant, was a "communication" as that

22      term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

23      defined by Cal. Civ. Code 1788.2(b).

24 204. On or about February 15, 2007, at or about 8:49 a.m., Defendant again

25      contacted Plaintiff by telephone.

26 205. This telephone call to Plaintiff, by Defendant, was a "communication" as that

27      term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

28      defined by Cal. Civ. Code 1788.2(b).

206. On or about February 15, 2007, at or about 6:05 p.m., Defendant again contacted Plaintiff by telephone.

207. In this communication with Defendant, Plaintiff spoke with Defendant's employee, "Barb."

208. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

209. Plaintiff is informed and believes that on or about February 19, 2007, at or about 2:30 p.m., Defendant again contacted Plaintiff by telephone.

210. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

211. In this communication with Plaintiff, Defendant's employee asked, "Is the f**k**g deadbeat bitch named Robin there?"  Defendant's employee refused to provide his name and stated he wanted to talk to Robin "God Dammit."

212. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

213. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

214. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

215. On or about February 19, 2007, at or about 3:49 p.m., Defendant again contacted Plaintiff by telephone.

216. In this communication with Defendant, Plaintiff spoke with Defendant's employee, "Sheena."

217. In this communication with "Sheena," Plaintiff stated this communication is harassment, and that she is still not working."

218. This telephone call to Plaintiff, by Defendant, was a "communication" as that

1     term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
2     defined by Cal. Civ. Code 1788.2(b).

3  219. These telephone calls by Defendant to Plaintiff were made with such
4     frequency as to be unreasonable and to constitute an harassment to the debtor
5     under the circumstances, and violated Cal. Civ. Code 1788.11(e).

6  220. On or about February 19, 2007, at or about 6:16 p.m., Defendant again
7     contacted Plaintiff by telephone.

8  221. This telephone call to Plaintiff, by Defendant, was a "communication" as that
9     term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
10    defined by Cal. Civ. Code 1788.2(b).

11  222. Plaintiff is informed and believes that each and every telephone call, on or
12    about February 19, 2007, by Defendant to Plaintiff was made with such
13    frequency as to be unreasonable and to constitute an harassment to the debtor
14    under the circumstances, and violated Cal. Civ. Code 1788.11(e).

15  223. Plaintiff is informed and believes that on or about February 21, 2007, at or
16    about 8:00 a.m., 10:30 a.m., 11:0 a.m., and 12:55 p.m., Defendant again
17    contacted Plaintiff by telephone.

18  224. This telephone call to Plaintiff, by Defendant, was a "communication" as that
19    term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is
20    defined by Cal. Civ. Code 1788.2(b).

21  225. These telephone calls by Defendant to Plaintiff were made with such
22    frequency as to be unreasonable and to constitute an harassment to the debtor
23    under the circumstances, and violated Cal. Civ. Code 1788.11(e).

24  226. Plaintiff is informed and believes that on or about February 22, 2007, at or
25    about 10:30 a.m., and 12:05 p.m., Defendant again contacted Plaintiff by
26    telephone.

27  227. Each and every telephone call to Plaintiff, by Defendant, was a
28    "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt

1    collection" as that term is defined by Cal. Civ. Code 1788.2(b).

2   228. Plaintiff is informed and believes that on or about February 22, 2007, at or

3       about 2:08 p.m., Defendant again contacted Plaintiff by telephone.

4   229. This telephone call to Plaintiff, by Defendant, was a "communication" as that

5       term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

6       defined by Cal. Civ. Code 1788.2(b).

7   230. In this communication with Defendant's employee, "Felicia," Plaintiff asked

8       why Defendant keeps calling, since Defendant knows that Plaintiff has been

9       out of work since August of 2006.  "Felicia" stated, "Because you owe us

10      money bitch!  I don't care if you haven't been working."  Plaintiff then hung

11      up the phone.

12  231. This statement represented an attempt to collect a consumer debt by use of

13      obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

14  232. Defendant's statements to Plaintiff had the natural consequence to abuse the

15      hearer or reader, and violated 15 U.S.C. § 1692d(2).

16  233. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.

17      Code 1788.17.

18  234. Plaintiff is informed and believes that on or about February 22, 2007,

19      Defendant contacted Plaintiff's friend, "Sarah", a third party as that term is

20      addressed in 15 U.S.C. § 1692c(b).

21  235. This telephone call to Plaintiff, by Defendant, was a "communication" as that

22      term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is

23      defined by Cal. Civ. Code 1788.2(b).

24  236. In this communication with Defendant, "Sarah" informed Defendant that

25      Plaintiff was at the hospital with Plaintiff's father, that Plaintiff has not

26      worked since August of 2006, that Plaintiff pays for credit protection

27      insurance, and that Defendant has all of the information regarding her

28      unemployment.

237. In this communication with Plaintiff's friend "Sarah," Defendant became verbally abusive and told "Sarah" to "Go to hell."

238. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

239. Because this communication did not comply with certain provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

240. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

241. Defendant's statements to Plaintiff's friend, "Sarah," had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

242. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

243. Plaintiff is informed and believes that these telephone calls, on or about February 22, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

244. Plaintiff is informed and believes that on or about February 23, 2007, at or about 10:16 a.m., 10:49 a.m., 1:45 p.m., 2:08 p.m., and 5:43 p.m., Defendant again contacted Plaintiff by telephone.

//

//

245. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

246. In the communication with Defendant, on or about February 23, at or about 5:43 p.m., Plaintiff spoke with Defendant's employee, "Melissa."

247. In this communication with "Melissa," Plaintiff informed "Melissa" that plaintiff was still not working and told "Melissa" to stop calling.

248. Plaintiff is informed and believes that these telephone calls, on or about February 23, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

249. Plaintiff is informed and believes that on or about March 06, 2007, at or about 10:36 a.m., 12:20 p.m., and 2:45 p.m. Defendant again contacted Plaintiff by telephone.

250. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

251. Plaintiff is informed and believes that these telephone calls, on or about March 6, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

252. Plaintiff is informed and believes that on or about April 06, 2007, at or about 8:01 a.m., 10:26 a.m., and 2:16 p.m. Defendant again contacted Plaintiff by telephone.

253. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

//

254. In the communication with Defendant on or about April 06, 2007, at or about 2:16 p.m., Plaintiff spoke with Defendant's employee, "Felicia."

255. In this communication with "Felicia," Plaintiff asked for "Felicia" for her last name and what department she was with.  In response, "Felicia" stated that she was under no obligation to give Plaintiff any information, and told Plaintiff that she wanted her, "f**king money b*tch."

256. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

257. Defendant's statements to Plaintiff's friend, "Sarah," had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

258. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

259. Plaintiff is informed and believes that these telephone calls, on or about April 06, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

260. Plaintiff is informed and believes that on or about April 12, 2007, Defendant again contacted Plaintiff by telephone.

261. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

262. In this communication with Defendant, Plaintiff spoke with Defendant's employee "Krystal."

263. In this communication with Plaintiff, "Krystal" stated, "this is Krystal with Premier Bank Card and I have a personal business matter to discuss with Robin Darrow, is she there?"

264. Plaintiff then asked "Krystal" what department she is with and to provide her last name.

265. In response, "Krystal" stated, "I don't have to f**king give you any information b*tch you, however, owe me money and I want it today. Plaintiff then told "Krystal" to never contact her again. "Krystal" then stated she could do whatever she damned well please.

266. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

267. Defendant's statements to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

268. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

269. Defendant's statements were false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt, and violated 15 U.S.C. § 1692e.

270. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code 1788.17.

271. Defendant's statements were false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and violated 15 U.S.C. § 1692e(10).

272. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.[2]

273. Plaintiff is informed and believes that on or about April 12, 2007, at or about 12:35 p.m., Defendant again contacted Plaintiff by telephone.

274. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

_____

1.    [2] Plaintiff is informed and believes that Defendant contacted Plaintiff nine (9) times between April 07, 07, and April 11, 07.

1   275. In this communication with Defendant, Plaintiff spoke with Defendant's
2          employee, "Jackie."

3   276. In this communication with "Jackie," Plaintiff asked what the call is
4          regarding.  In response, "Jackie" stated, "this is about the debt that Robin
5          owes us, are you here?"  Plaintiff then asked "Jackie" for her name again.  In
6          response, Jackie stated her name and asked Plaintiff, "are you deaf."

7   277. Defendant's statements to Plaintiff had the natural consequence to abuse the
8          hearer or reader, and violated 15 U.S.C. § 1692d(2).

9   278. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.
10         Code 1788.17.

11  279. Plaintiff is informed and believes that on or about April 16, 2007, at or about
12         12:37 p.m., 2:01 p.m., and 3:41 p.m., Defendant again contacted Plaintiff by
13         telephone.

14  280. Each and every telephone call to Plaintiff, by Defendant, was a
15         "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt
16         collection" as that term is defined by Cal. Civ. Code 1788.2(b).

17  281. In the communication with Defendant, on April 16, 2007, at or about 2:01
18         p.m., Plaintiff spoke with Defendant's employee "Mike."

19  282. In this communication with Plaintiff, "Mike" stated he was with Premier Bank
20         Card, and then stated, "Robin, you need to pay your bill today or else."

21  283. In response, Plaintiff asked "Mike," "or else what, and who said I am Robin."
22         "Mike" then stated "or else we will come take what we want."

23  284. Defendant's statements to Plaintiff had the natural consequence to abuse the
24         hearer or reader, and violated 15 U.S.C. § 1692d(2).

25  285. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.
26         Code 1788.17.

27  //

28  //

286. Defendant's statements were false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's alleged debt, and violated 15 U.S.C. § 1692e.

287. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code 1788.17.

288. Defendant's statements were false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and violated15 U.S.C. § 1692e(10).

289. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.

290. In the communication with Defendant, on or about April 16, 2007, at or about 3:41 p.m., Plaintiff spoke with Defendant's employee "Bianca."

291. In this communication with "Bianca," Plaintiff asked what the call was regarding. In response, "Bianca" stated, "this is regarding the money you owe Premier Bank Card. Is this Robin Darrow?"

292. Plaintiff then asked "Bianca" for her last name. "Bianca stated she could not give that information to Plaintiff. Plaintiff then asked "Bianca" what division she is with. "Bianca" then stated she was with collection division of Premier Bank Card.

293. Plaintiff is informed and believes that these telephone calls, on or about April 16, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).

294. Plaintiff is informed and believes that on or about April 17, 2007, at or about 11:06 a.m., 12:37 p.m., 2:03 p.m., and 3:35 p.m., Defendant again contacted Plaintiff by telephone.

295. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt

1    collection" as that term is defined by Cal. Civ. Code 1788.2(b).

2  296. In the communication with Defendant, on or about April 17, 2007, at or about
3       11:06 a.m., Plaintiff spoke with Defendant's employee "Terri."

4  297. In this communication with Plaintiff, "Terri" stated, "she was going to come
5       kick [Plaintiff's] a** till [Plaintiff] paid the bill."

6  298. These statements represented an attempt to collect a consumer debt by use of
7       obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

8  299. Defendant's statements to Plaintiff had the natural consequence to abuse the
9       hearer or reader, and violated 15 U.S.C. § 1692d(2).

10 300. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.
11      Code 1788.17.

12 301. Defendant's statements were false, deceptive, or misleading representations or
13      means in connection with the collection of Plaintiff's alleged debt, and
14      violated 15 U.S.C. § 1692e.

15 302. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code
16      1788.17.

17 303. Defendant's statements were false representations or deceptive means to
18      collect or attempt to collect any debt or to obtain information concerning a
19      consumer, and violated 15 U.S.C. § 1692e(10).

20 304. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ.
21      Code 1788.17.

22 305. In the communication with Defendant, on or about April 17, 2007, at or about
23      12:37 p.m., Plaintiff spoke with Defendant's employee "Connie."

24 306. In this communication with "Connie," Plaintiff asked "Connie" for her last
25      name. In response, "Connie" told Plaintiff, "go to hell," and refused to give
26      Plaintiff her last name.

27 307. This statement represented an attempt to collect a consumer debt by use of
28      obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

308. Defendant's statement to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

309. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

310. Plaintiff is informed and believes that these telephone calls, on or about April 17, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).[3]

311. Plaintiff is informed and believes that on or about April 25, 2007, at or about 9:50 a.m., 3:11 p.m., and 7:34 p.m., Defendant again contacted Plaintiff by telephone.

312. Each and every telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

313. In the communication with Defendant on or about April 25, 2007, at or about 3:11 p.m., Defendant's employee refused to provide his name, and stated, "I am from Premier Bank Card b*tch. Pay me my money or else."

314. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

315. Defendant's statement to Plaintiff had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

316. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

317. In the communication with Defendant on or about April 25, 2007, at or about 7:34 p.m., Defendant's employee stated, "pay your bill b*tch."

318. This statement represented an attempt to collect a consumer debt by use of

---

[3] Plaintiff is informed and believes that Defendant contacted Plaintiff three (3) times between April 18, 07, and April 23, 07.

1    obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

2    319. Defendant's statement to Plaintiff had the natural consequence to abuse the
3         hearer or reader, and violated 15 U.S.C. § 1692d(2).

4    320. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.
5         Code 1788.17.

6    321. Plaintiff is informed and believes that these telephone calls, on or about April
7         25, 2007, by Defendant to Plaintiff were made with such frequency as to be
8         unreasonable and to constitute an harassment to the debtor under the
9         circumstances, and violated Cal. Civ. Code 1788.11(e).

10   322. Plaintiff is informed and believes that on or about May 02, 2007, at or about
11        8:05 a.m., and 11:30 a.m., Defendant again contacted Plaintiff by telephone.

12   323. Each and every telephone call to Plaintiff, by Defendant, was a
13        "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt
14        collection" as that term is defined by Cal. Civ. Code 1788.2(b).

15   324. In the communication with Defendant, on or about May 02, 2007, at or about
16        11:30 a.m., Plaintiff spoke with Defendant's employee, "David."  Plaintiff
17        asked to speak with a supervisor.

18   325. In response, "David" stated, he could only transfer Plaintiff to the supervisor
19        if she agreed to pay the bill today.

20   326. Plaintiff then told "David" not to call again.  David then stated that he would
21        call as many times a day as he wants, "b*tch pay your bill."

22   327. These statements represented an attempt to collect a consumer debt by use of
23        obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

24   328. Defendant's statements to Plaintiff had the natural consequence to abuse the
25        hearer or reader, and violated 15 U.S.C. § 1692d(2).

26   329. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.
27        Code 1788.17.

28   330. Defendant's statements were false, deceptive, or misleading representations or

1   means in connection with the collection of Plaintiff's alleged debt, and
2   violated 15 U.S.C. § 1692e.

3   331. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code
4   1788.17.

5   332. Defendant's statements were false representations or deceptive means to
6   collect or attempt to collect any debt or to obtain information concerning a
7   consumer, and violated15 U.S.C. § 1692e(10).

8   333. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ.
9   Code 1788.17.

10  334. Plaintiff is informed and believes that on or about May 04, 2007, at or about
11  11:52 a.m., 2:54 p.m., 2:03 p.m., and 6:25 p.m., Defendant again contacted
12  Plaintiff by telephone.

13  335. Each and every telephone call to Plaintiff, by Defendant, was a
14  "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt
15  collection" as that term is defined by Cal. Civ. Code 1788.2(b).

16  336. In the communication with Defendant on or about May 04, 2007, at or about
17  2:54 p.m., Plaintiff spoke with Defendant's employee, "Dorina."

18  337. In this communication with Plaintiff, "Dorina" stated she "would rob
19  [Plaintiff's] house if [Plaintiff] didn't make a payment today."

20  338. Defendant's statements to Plaintiff had the natural consequence to abuse the
21  hearer or reader, and violated 15 U.S.C. § 1692d(2).

22  339. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ.
23  Code 1788.17.

24  340. Defendant's statements were false, deceptive, or misleading representations or
25  means in connection with the collection of Plaintiff's alleged debt, and
26  violated 15 U.S.C. § 1692e.

27  341. Because this action violated 15 U.S.C. § 1692e, it also violated Cal. Civ. Code
28  1788.17.

342. Defendant's statements were false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and violated 15 U.S.C. § 1692e(10).

343. Because this action violated 15 U.S.C. § 1692e(10), it also violated Cal. Civ. Code 1788.17.

344. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

345. Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

346. Plaintiff is informed and believes that these telephone calls, on or about May 04, 2007, by Defendant to Plaintiff were made with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, and violated Cal. Civ. Code 1788.11(e).[4]

347. Plaintiff is informed and believes that on or about July 3, 2007, at or about 7:19 p.m., Defendant again contacted Plaintiff by telephone.

348. This telephone call to Plaintiff, by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b).

349. In this communication with Defendant, Plaintiff's brother, answered the phone and spoke with Defendant's employee "Tiffany." "Tiffany" asked for Plaintiff, and Plaintiff's brother asked what the call was regarding. "Tiffany" stated she was with Premier Bank and the call was in regard to Plaintiff's alleged debt to Defendant.

350. Plaintiff is informed and believes that Plaintiff's brother is a third party as that term is addressed in 15 U.S.C. § 1692c(b).

---

[4] Plaintiff is informed and believes that Defendant contacted Plaintiff nine (9) times between May 05, 07, and June 19, 07.

351. This communication to this third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. Further, this communication to this third party was not provided for in 15 U.S.C. § 1692b. As such, this action by Defendant violated 15 U.S.C. § 1692c(b).

352. Because this communication did not comply with certain provisions of the FDCPA, including, but not limited to 15 U.S.C. § 1692c(b), this communication also violated Cal. Civ. Code § 1788.17.

353. Plaintiff's brother then handed the phone over to Plaintiff. Plaintiff stated to Tiffany to stop calling, that the paperwork was at the attorneys and she is advised to never call again.

354. In response, "Tiffany" stated to Plaintiff, "I am from Premier Bankcard, F**k you and pay your bill." Plaintiff then hung up the phone.

355. This statement represented an attempt to collect a consumer debt by use of obscene or profane language, and violated Cal. Civ. Code 1788.11(a).

356. Defendant's statements to Plaintiff's friend, "Sarah," had the natural consequence to abuse the hearer or reader, and violated 15 U.S.C. § 1692d(2).

357. Because this action violated 15 U.S.C. § 1692d(2), it also violated Cal. Civ. Code 1788.17.

358. The actions of Defendant were willful, malicious, oppressive, fraudulent, and despicable, and in conscious disregard for the rights or safety of Plaintiff and others. Plaintiff was damaged by the despicable actions of Defendant, and this action is worthy of punitive damages.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

359. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

360. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

361. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

362. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

363. Defendant's actions were outrageous and malicious.

364. Defendant's actions were intended to cause, or there was a substantial likelihood of those actions causing, Plaintiff harm.

365. Defendant's conduct was so extreme that it goes beyond all possible bounds of decency.

366. Defendant's conduct was willful, malicious, oppressive, fraudulent, and despicable, and in conscious disregard for the rights or safety of Plaintiff and others.

367. Plaintiff was harmed by these actions.

368. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(AS TO CREDITORS INTERCHANGE, MR. ODELL, AND MATT THOMPSON)

- an award of costs of litigation and reasonable attorney's fees;
- an award of actual, compensatory and incidental damages in the amount of two and one-half million dollars;
- an award of punitive damages in an amount to be determined at trial;
- any other relief that the court deems just and proper.

**TRIAL BY JURY**

369. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: _7/16/07_

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

5

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS<br><br>Robin J. Darrow, | DEFENDANTS<br><br>First Premier Bank,   07 JUL 19 PM 3:58<br><br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Duval<br>(IN U.S. PLAINTIFF CASES ONLY)<br>BY:   DEPUTY<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Joshua B. Swigart., 619.233.7770<br>411 Camino Del Rio South<br>Suite 301<br>San Diego, CA 92108 | ATTORNEYS (IF KNOWN)<br><br>Unknown<br><br>'07 CV 1311   DMS (POR) |

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) |
|---|---|

| II. BASIS OF JURISDICTION | | III. CITIZENSHIP (For Diversity Cases Only) | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question<br>(U.S. Government Not a Party) | Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Violation of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code 1788-1788.32 (RFDCPA) and Intentional Infliction of Emotional Distress.

28 USC 1331

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-<br>Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure<br>of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury -<br>Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment<br>&Enforcement of Judgment | ☐ 330 Federal Employers'<br>Liability | ☐ 368 Asbestos Personal Injury<br>Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and<br>Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student<br>Loans (Excl. Veterans) | ☐ 345 Marine Product<br>Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment<br>of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities<br>Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product<br>Liability | ☐ 380 Other Personal<br>Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage<br>Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff<br>or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party<br>26 USC 7609 | ☐ 900 Appeal of Fee Determination<br>Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | Security Act | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ 50000 | Check YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE 7/7/07                     SIGNATURE OF ATTORNEY OF RECORD

JB350.   7/19/07   # 140637

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ORIGINAL

## UNITED STATES
## DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 140637   — SR
* * C O P Y * *
July 19, 2007
16:02:26

### Civ Fil Non-Pris
USAO #.: 07CV1311 CIV. FIL.
Judge..: DANA M SABRAW
Amount.:              $350.00 CK
Check#.: BC#2084


Total—> $350.00


FROM: DARROW V. FIRST PREMIER BANK
      CIVIL FILING